UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JEFFREY A. DOLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-205-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Jeffrey A. Doland ("Doland" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").  [Record Nos. 19, 21]  Doland argues that the administrative law judge ("ALJ") assigned to his case erred by finding that he is not entitled to a period of disability, disability insurance benefits, and supplemental security income.  [Record No. 20, pp. 6–13]  However, the Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Record No. 21, pp. 4–9]  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Doland.

## I.

On June 16, 2011, Doland filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act").  [Administrative Transcript, "Tr.," p. 176]  He also filed for supplemental security income under Title XVI of

- 1 -

the Act.  [Tr., p. 178]   Doland alleged a disability beginning July 1, 2009 in both applications.[1]  [Tr., pp. 176, 178]  Doland, along with attorney Joetta Stromatt and vocational expert ("VE") Joyce Forrest, appeared before ALJ Don C. Paris on January 25, 2013, for an administrative hearing.  [Tr., pp. 31–58]  On February 14, 2013, ALJ Paris found that Doland was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.  [Tr., p. 24]  Doland appealed the ALJ's determination to the Social Security Administration's ("SSA") Appeals Council.  His appeal was denied on April 17, 2014.  [Tr., pp. 4–6]

Doland was 49 years-old when his alleged disability began, and 53 years-old at the time of ALJ Paris's decision.  He has a limited education and previously worked as a factory worker, cashier, and sales attendant.  [Tr., p. 23]  After considering the testimony presented during the administrative hearing and reviewing the record, the ALJ concluded that Doland suffers from a severe impairment: dysfunction of the right leg and right knee.  [Tr., pp. 17–19]  Notwithstanding this impairment, the ALJ concluded that the Claimant maintained the residual functional capacity ("RFC") to perform light work, with the following constraints:

> [Doland can] occasionally lift and carry seven pounds and frequently 10 pounds.  He can stand and walk six hours in an eight-hour workday, but because of his unstable gait, he should stand and walk one hour at a time.  He can sit six hours in an eight-hour workday, no pushing and pulling of foot controls with the right lower extremity and only occasional climbing ramps and stairs.  Because of his unstable tandem gait he should never climb ladders, ropes and scaffolds and he should avoid all hazards such as unprotected heights and dangerous machinery: only occasional stooping, kneeling, crouching or crawling.

[Tr., pp. 19–20]

---

[1]     During a January 25, 2013 before the ALJ, Doland amended his alleged onset date to August 14, 2009.  [Tr., p. 35]

After considering Doland's age, education, work experience, and RFC, ALJ Paris concluded that he could perform a significant number of jobs in the national economy, including, among other things: hand packer, sorter, and bench assembly occupations.  [Tr., p. 24]  As a result, the ALJ determined that Doland was not disabled from July 1, 2009, through the date of the administrative decision.  [*Id.*]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)).  A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'"  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)).  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. §§ 404.1520(b), 416.920(b).  Second, the claimant must show that he suffers from a severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience.  20 C.F.R. §§ 404.1520(d),

- 3 -

416.920(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work.  If he can, he is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work.  If he cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'"  *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).  Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

- 4 -

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Doland asserts initially that the ALJ erred by finding that his diabetes mellitus is not a severe impairment. [Record No. 20, p. 13] Next, he argues that substantial evidence does not support the ALJ's RFC finding. [*Id.*, p. 10] As a result, he claims that the ALJ erred in determining that he could perform work in the national economy. [*Id.*, p. 12]

### A. Diabetes

### 1.    Doland's Diabetes in Not a Severe Impairment

The Claimant argues that the ALJ erred in concluding that his diabetes mellitus is not a severe impairment. [Record No. 20, p. 13] Under 20 C.F.R. § 404.1521(a), an impairment is not severe if it "does not significantly alter [the claimant's] physical or mental ability to do basic work activities." These activities include: walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling. 20 C.F.R. § 1521(b)(1). At step one, the ALJ must find an impairment reasonably expected to produce the alleged symptoms. And at step two, he must determine whether the symptoms cause a limitation that has more than a minimal effect on the individual's ability to do basic work activities. S.S.R. 96-3p, 1996 WL

374181, at *2 (July 2, 1996).  Doland takes issue with the ALJ's analysis at the second step. [*Id.*]

First, Doland points to his medications, metformin and gabapentin, to demonstrate the severity of his diabetes.  [Record No. 20, p. 13]   But these medications have actually controlled his condition.  [Tr., p. 332].  Second, Doland argues that consultative examiner Dr. Winkle's examination, finding pain in Doland's lower extremities and difficulty with gripping/grasping, demonstrate that his diabetes has a significant effect on his basic work activities.  [Record No. 20, pg. 13]  He states that it is "reasonable to conclude that these functional limitations were a direct result of [his] diabetes and peripheral neuropathy."  [*Id.*] While this conclusion may be reasonable, the dispositive question is whether the ALJ's decision is reasonable.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

The ALJ actually found that the Claimant has one of the alleged functional limitations: dysfunction of the right leg and knee.  [Tr., p. 17]  It was reasonable for him to conclude that this limitation resulted from a prior football injury rather than the diabetes. [*See* Tr., p. 41.]  Further, it was reasonable for the ALJ to conclude that the other diabetes-influenced limitations had only a minimal effect on Doland's basic work activities.  For example, psychologist Dr. Smith found Doland's irregular gait and use of the cane to be "unconvincing."  [*Id.*, p. 418]  Additionally, Dr. Winkle observed that the Claimant had normal grip strength and normal sensation in his legs.  [*Id.*, p. 425]  Therefore, substantial evidence supported the ALJ's finding that Doland's diabetes was not a severe impairment.

### 2.      Harmless Error

Even if the ALJ should have concluded that Doland's diabetes constituted a severe impairment, this Court would not remand because the ALJ did not deny Doland's claim at step two of the five-step analysis.  [*See* Tr., p. 17.]  Thus, the Claimant was not prejudiced on the merits or deprived of substantial rights.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).  In *Maziarz*, the court reasoned that, because the Secretary could still consider the claimant's non-severe condition in determining his RFC, he was not prejudiced by the Secretary's failure to designate the condition as a severe impairment.  *Id.* at 244.

The ALJ properly considered Doland's diabetes, noting the lack of hospitalization and organ damage, in making his RFC finding.  [Tr., pg. 21]  As a result, any error in classifying the diabetes as non-severe was harmless.  *Fisk v. Astrue*, 253 F. App'x 580, 584 (6th Cir. 2007) (affirming ALJ's decision where ALJ did not classify claimant's diabetes and coronary artery disease as severe impairments).

### B.  Residual Functional Capacity

Residual functional capacity is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." S.S.R. 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC determination is a matter reserved for the ALJ.  *See* 20 C.F.R. § 416.946(c). In making this determination, the ALJ considers the medical evidence, non-medical evidence, and the claimant's credibility.  *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).  An ALJ's RFC finding will be upheld where it is supported by substantial evidence.

- 7 -

According to 20 C.F.R. § 404.1567(b), the RFC for light work involves lifting no more than 20 pounds at a time with frequent carrying of objects up to 10 pounds. It also requires a good deal of walking or standing. *Id.* To be considered capable of performing light work, one must be able to do "substantially all of these activities." *Id.*

The Claimant asserts that the ALJ failed to properly evaluate his RFC. In particular, Doland claims that the ALJ erred by failing to explain the weight given to: (i) Dr. Winkle's report; (ii) the March 2012 X-rays; and (iii) the November 2012 MRI. [Record No. 20, pp. 7, 9] He also argues that the ALJ should have given less weight to the State agency reviewing physicians' opinions. [*Id.*, p. 9] Further, he avers that the ALJ's reasons for discrediting his ex-wife's report are insufficient. [*Id.*, pp. 10–11] Because of these errors, the Claimant contends that the hypothetical posed to the vocational expert was improper, resulting in an RFC finding not supported by substantial evidence. [*Id.*, p. 7] However, after a review of the record, the Court does not find any of Doland's arguments to be persuasive. The ALJ applied the proper legal standard, and his findings are supported by substantial evidence. Therefore, the Court will affirm the ALJ's decision.

### 1.    Dr. Winkle's Report

Doland argues that the ALJ improperly assessed consultative examiner Dr. Winkle's opinion because (1) he did not indicate what weight he was according the opinion, and (2) he did not accommodate any of Dr. Winkle's limitations into his RFC finding. [Record No. 20, p. 7] When reviewing medical evidence, the weight the ALJ gives to a consultative opinion depends on a variety of factors, including whether the source actually treated the claimant, the supportability of the source's opinion, consistency of the opinion compared with the

- 8 -

record as a whole, and other factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). When an opinion is inconsistent with the record, the ALJ has the discretion to give less weight to that opinion. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

In this case, the ALJ discussed Dr. Winkle's examination in great detail. [Tr., p. 22] Following that discussion, he wrote, "[a]s for the opinion evidence . . . there is little evidence in the medical records to substantiate disabling symptoms greater than determined in this decision . . ." [*Id.*] At this point, the ALJ had only discussed medical opinions from Dr. Winkle and the Fayette County Health Department. [*Id.*, pp. 20−22] By explaining his reasons for discounting certain findings from these two sources, the ALJ complied with 20 C.F.R. § 404.1527(c)(2).

Further, the ALJ incorporated many of Dr. Winkle's limitations into his RFC finding. For instance, the ALJ's restrictions prevented the Claimant from climbing ladders, ropes, and scaffolds, and they warned him to avoid unprotected heights and dangerous machinery. [*Compare* Tr., p. 20, *with* Tr., p. 426] In addition, the ALJ limited Doland to lifting seven pounds occasionally and ten pounds frequently, limitations consistent with Dr. Winkle's finding that repetitive gripping and grasping "may be difficult" for Doland. [*Compare* Tr., p. 19, *with* Tr., p. 427] Thus, the ALJ properly accounted for Dr. Winkle's opinions. *Cf. Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (affirming ALJ's decision where he did not mention treating opinion but included that opinion's limitations in his RFC).

Doland contends that the ALJ failed to provide reasons for not including all of Dr. Winkle's limitations in his RFC finding. [Record No. 20, p. 7] In particular, Doland points

- 9 -

to his inability to stand for prolonged periods and to walk without a cane.  [*Id.*]  Contrary to this assertion, the ALJ provided two reasons for not including all the limitations: no treating or examining source could substantiate all of Dr. Winkle's limitations, and State agency reviewing opinions conflicted with Dr. Winkle's opinion.  [Tr., p. 22]  Specifically, the ALJ noted that the State agency reviewing physicians found that the Claimant could perform medium work.  [*Id.*]  Moreover, they found that he could stand or walk for six hours per day. [*Id.,* p. 65]  However, the ALJ took into account Doland's degenerative joint disease ("DJD") and "lifting" problems, both discussed in Dr. Winkle's opinion.  [*Id.*, pp. 22, 425−26] Therefore, the ALJ paid significant attention to Dr. Winkle's opinion and provided good reasons for not including all his noted limitations.

### 2.    March 2012 X-rays

Next, the Claimant contends that the ALJ did not sufficiently address the March 2012 X-rays, which showed degenerative joint disease in the left elbow and right knee, in addition to degenerative disc disease of the lumbar spine.  [Record No. 20, p. 8; Tr., pp. 511−13, 538−39]  The Commissioner correctly points out that most of this evidence is cumulative of earlier imaging and Dr. Winkle's findings.  [Record No. 21, pp. 5−6, *referring to* Tr., pp. 425, 456]  Further, the ALJ actually discussed these X-rays, which were part of the Fayette County Health Department records referenced in the preceding paragraph.  [Tr., p. 22]  In particular, he used these findings to reduce the Claimant's RFC to light work, even though State agency reviewing physicians recommended an RFC of medium work.  [*Id.*]   In addition, he added several restrictions to the RFC of light work because of the DJD exhibited in one of the X-rays.  [*Id.*, pp. 20, 22]

- 10 -

### 3.   November 2012 MRI

Doland also argues that the ALJ failed to properly address the November 2012 Magnetic Resonance Imaging ("MRI"), which showed increased damage to Doland's right lower extremity.  [Record No. 20, p. 9]  The ALJ discussed the results of the MRI, utilizing them in formulating restrictions on the Claimant's RFC.  [Tr., p. 22]  For instance, he noted that the State agency reviewing physicians found that Doland could perform medium work, but that due to the DJD, he decided to be "more liberal" in his assessment of the work Doland could perform.  [*Id.*]  Because the ALJ compared the November 2012 MRI with the record as a whole to determine its supportability, he acted in accordance with 20 C.F.R. § 416.927(c)(3)–(4).

### 4.   State Agency Reviewing Physicians

The Claimant asserts that the ALJ erred in affording "significant weight" to the opinions of State agency reviewing physicians.  [Record No. 20, p. 9]  Particularly, he notes that these physicians did not examine him and that their opinions are outdated.  [*Id.*]  Under S.S.R. 96-6p, opinions of non-examining physicians may be entitled to greater weight than the opinions of treating or examining sources. 1996 WL 374180, at *3 (July 2, 1996). The ALJ must consider the relevant factors in 20 C.F.R. § 416.927(c)(2)–(6). There is "no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record." *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011).

First, the State agency reviewing physicians' status as non-examining physicians does not preclude the ALJ from giving their opinions significant weight.  S.S.R. 96-6p.  Further,

the ALJ explained that he gave greater weight to their opinions because they are "highly qualified experts." [Tr., p. 22]  Thirdly, the ALJ considered these assessments in light of the later X-rays and MRI.  In fact, he more liberally assessed the Claimant's RFC because these reports showed increased impairment.  [*Id.*]  Because the ALJ considered the relevant factors in according greater weight to State agency reviewing physicians' opinions, he did not err. 20 C.F.R. § 416.927(c)(3)–(4).

### 5.    Third-Party Statement

Doland contends that the ALJ gave poor reasons for discrediting his ex-wife's third-party report.  [Record No. 20, pp. 10–11]  The ALJ stated that Ms. Creech's statements were unreliable because: (i) she had not lived with the Claimant for seven years; (ii) her statements were not in accord with the medical evidence; (iii) she was biased due to her relationship with the Claimant; and (iv) she was not medically trained.  [Tr., p. 22]

The regulations provide that "[i]n addition to evidence from the acceptable medical sources . . . [the SSA] *may* also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work . . . . " *See* 20 C.F.R. § 416. 913(d) (emphasis added).  "Perceptible weight must be given to the testimony of lay witnesses where it is consistent with medical evidence."  *Malone v. Comm'r of Soc. Sec.*, 69 F.3d 537, *3 (6th Cir. 1995).  "If lay witness testimony is provided, the ALJ cannot disregard it without comment, and must give reasons for not crediting the testimony that are germane to each witness."  *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012).  Any error in an ALJ's credibility determination is harmless if "no reasonable ALJ,

when fully crediting the testimony, could have reached a different disability determination." *Id.* (quoting *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1056 (9th Cir. 2006)).

The ALJ's first two reasons for discrediting Ms. Creech's statements are clearly valid. *Mars v. Sec. of Health & Human Servs.*, 805 F.2d 1035, *4 (6th Cir. 1986) (third party could not render credible opinion where he did not observe plaintiff); *Malone*, 69 F.3d at *3 (ALJ not required to credit testimony inconsistent with medical evidence). Doland particularly takes issue with the ALJ's contention that Ms. Creech is biased due to her affections for him, arguing that this is inconsistent with the ALJ's finding that she does not spend sufficient time with Doland. [Record No. 20, pp. 10–11] The Court fails to see the merit in this argument.[2] In any event, Ms. Creech wrote that she has "not observed" many of Doland's daily activities, hobbies, and interests. [Tr., pp. 230, 234] Only recently has she spent more time with him, providing the ALJ with a basis for finding that she has an increased affection for Doland. [Tr., p. 234]

Fourth, Doland is correct that the ALJ should not have given Ms. Creech's report less weight because she is not medically trained. *See* S.S.R. 96-5p, 1996 WL 374183, at *5 (July 2, 1996). However, this error does not require remand, as credibility determinations are subject to harmless error analysis. *Maloney*, 480 F. App'x at 810. The ALJ provided three valid reasons for discrediting the third-party statement. In the case of a nonacceptable medical source, an ALJ's decision need only permit the Court to follow his reasoning. *Keyes-Zachary*, 695 F.3d 1156, 1163 (10th Cir. 2012.

---

2        Doland has failed to explain why two people must spend a certain amount of time together for an adjudicator to find that they have affections for one another.

### 6.      Hypothetical Posed to Vocational Expert

The Claimant argues that the ALJ's hypothetical to VE Forrest was improper because it assumed that Doland could walk for prolonged periods without a cane and carried no restrictions for gripping/grasping.   [Record No. 20, pp. 6, 12]   A VE's response to a hypothetical question only constitutes substantial evidence where it "accurately portrays [the plaintiff's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1989).  However, an ALJ is only required to incorporate the limitations he accepts as credible.  *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (affirming Secretary's decision where ALJ's hypothetical question to VE included only some of the plaintiff's alleged illnesses). The ALJ assesses what the claimant "can or cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).  Where there is "some evidence in the record" supporting the assumptions of the hypothetical, the hypothetical question is not erroneous. *Chandler v. Comm'r of Soc. Sec.*, 124 F. App'x 355, 358–59 (6th Cir. 2005).

The ALJ asked VE Forrest what occupations could be performed by an individual with the same age, education, past relevant work experience, and restrictions as Doland. [Tr., p. 55]  The hypothetical assumed that the Claimant could stand for six hours per day with a "sit-stand option" every thirty minutes.  [*Id.*, pp. 54, 56]  Doland argues that the ALJ should have included his use of a cane, explaining that this would also limit his ability to lift and carry items.  [Record No. 20, p. 12]  However, the ALJ based his hypothetical on the evidence he found to be credible, as he was entitled to do.  *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d

629, 633 (6th Cir. 2004).   Further, the ALJ was confronted with Doland's malingering behavior, particularly involving his use of the cane.  [Tr., pp. 21, 418, 420]   Because there was evidence in the record that Doland could stand for a period of six hours per day without a cane, the hypothetical was not erroneous on that basis.  *Chandler*, 124 F. App'x. at 358–59. [Tr., p. 65]

Doland also claims that the ALJ should have limited his hypothetical to only "occasional repetitive hand gripping and grasping."  [Record No. 20, p. 6]  In support of his claim, Doland merely points to CE Dr. Winkle's assessment that he has difficulty with repetitive gripping and grasping.  [*Id.*, p. 11; Tr., p. 426]  However, Dr. Winkle also found that Doland has normal gripping strength.  [Tr., p. 425].  The State agency reviewing physicians found normal grip strength as well.  [*Id.*, p. 103]  Thus, evidence of Doland's difficulty with "gripping" is ambiguous, at best.  Because the ALJ is entitled to accept only the limitations he finds to be credible, and because there was evidence in the record that Doland has normal gripping strength, the hypothetical was not erroneous on that basis. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *Chandler*, 124 F. App'x. at 358–59.  In addition, the ALJ accounted for any gripping limitations in his RFC finding, limiting the Claimant to carrying seven pounds occasionally and ten pounds frequently.  [Tr., p. 19]

Ultimately, Doland argues that substantial evidence does not support the ALJ's finding that he can perform light work with some restrictions.  [Record No. 20, p. 11] Instead, he argues that the ALJ should have limited him to sedentary work, which would require a finding of disability for someone of his age, education, and work experience.  20

- 15 -

C.F.R., pt. 4, subpt. P, app. 2, Rule 201.10.  [*Id.*, p. 12]  The Court has not found any of Doland's arguments to be persuasive.  Because the ALJ applied the proper legal standards and substantial evidence supports his finding that Doland can perform light work with several restrictions, this Court will affirm his decision.  42 U.S.C. § 405(g).

## IV.

The ALJ did not err in finding that Doland's diabetes is not a severe impairment.  Nor did he err in considering: (i) Dr. Winkle's opinion; (ii) the X-rays and MRI; (iii) State agency reviewing physicians' opinions; (iv) Ms. Creech's third-party report; and (v) the VE's response to his hypothetical.  Thus, the ALJ's determination of Doland's RFC is supported by substantial evidence.  Having reviewed the record of this proceeding, substantial evidence supports the final decision of the Commissioner.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Jeffrey A. Doland's Motion for Summary Judgment [Record No. 19] is **DENIED**.

2.      Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 21] is **GRANTED**.

3.      The decision of Administrative Law Judge Don C. Paris will be **AFFIRMED** by separate Judgment entered this date.

This 10th day of September, 2015.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**